**Larry FOSTER, a minor by Helen Due, his mother and next friend, Plaintiff,**

**v.**

**MIDLAND VALLEY RAILROAD COMPANY, an Arkansas Corporation, John Ellis, Willie Perry, Earl Canada, W. T. Jones, C. M. Taylor, and Jimmy Blaine, Defendants.**

**Civ. No. 6211.**

United States District Court
N. D. Oklahoma.

Sept. 9, 1965.

Jack I. Gaither, Tulsa, Okl., for plaintiff.

Dyer, Powers, Gotcher & Marsh, Tulsa, Okl., for defendants.

DAUGHERTY, District Judge.

This action against the defendant railroad presents a question regarding the location of the railroad's principal place of business for diversity jurisdiction purposes. The defendant railroad removed this cause which was brought in the District Court of the State of Oklahoma for damages in excess of $10,000.00 exclusive of interest and costs. The plaintiff seeks to remand the action claiming that the defendant, like the plaintiff, is a resident of the State of Oklahoma, and that

1. Runyan v. Continental Casualty Co., 233 F.Supp. 214, 220 (D.Or.1964); Stichman v. Michigan Mut. Liab. Co., 220 F.Supp. 848, 854 (S.D.N.Y.1963).

there is lacking the required diversity of jurisdiction.

The defendant, an Arkansas corporation, alleges that its principal place of business is in Missouri; that it owns substantial rights-of-way in states other than Oklahoma; that the repair and maintenance of its locomotives, engines and cars are in Texas; and that the executive and administrative offices of the railroad are in Missouri from which offices the direction, control and management of its affairs take place. It is further alleged that the officers, with one exception, reside in Missouri, nearly all members of the Board of Directors reside in Missouri, the meetings of the stockholders and directors are held in Missouri, and that, therefore, the "nerve center" of the railroad is in Missouri and not Oklahoma.

In addition to the claimed diversity, the defendant railroad claims that this action should not be remanded because the individual defendants are improperly joined for the purpose of defeating jurisdiction.

■ The removal statute, 28 U.S.C., Sec. 1332(c), provides:

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen * * * of the State where it has its principal place of business * *."

The phrase "principal place of business" is determined on a case-by-case basis. The cases have taken two different lines of reasoning in determining the corporation's principal place of business. In Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, it was held that while the defendant had its largest plant in Connecticut, that New York was its principal place of business since that was where the determinations of policy were made as well as where the direction and control of corporate affairs were located. The Scot Typewriter case illustrates the "nerve center" test in determining the principal place of business.

The line or theory which other cases have followed is sometimes termed "place of operations" or "center of corporate activities." Kelly v. United States Steel Corp., 3 Cir., 284 F.2d 850. These cases seem to rely upon the location where the major operations in the particular business are carried on, where most employees and tangible property are located and where the day-to-day operations take place.

■ After a thorough review of the legislative history of Section 1332(c), it has been concluded that the locus of corporate operations is a more important factor than the locus of over-all policy direction or control in determining the "principal place of business" of a corporation. Inland Rubber Corporation v. Triple A Tire Service, Inc., 220 F.Supp. 490.

The Committee on Jurisdiction and Venue of the Judicial Conference of the United States followed the recommendation of the Tenth Circuit in proposing that the standard for principal place of business set forth in the jurisdictional sections of the Bankruptcy Act be applied in construing the diversity statute.[1] This standard for principal place of business is based upon the locus of corporate operations, when one state has a predominance of them, according to the legislative history. Inland Rubber Corp., supra, p. 494.

■ In the case at bar, the defendant railroad carries on a predominance of its corporate operations in the state of Oklahoma. The defendant admits that it operates a total of 333.46 miles of railroad track of which track 246.81 miles are in the state of Oklahoma. The total number of personnel employed by the defendant is 165 of which 135 are employed in the state of Oklahoma. Of the 28 offices operated by the defendant, 11 are located in Oklahoma. The defendant operates six depots, five of which are in Oklahoma. The total assets owned by the defendant as of December 31,

1. Bankruptcy Act, Sec. 2, 11 U.S.C.A. § 11; 2 U.S.Code Cong. & Admin.News, p. 3132 (1958).

1964, was $18,690,939.00 of which $17,-853,395.00 were in the state of Oklahoma. The gross railway operating revenue earned by the defendant in 1964 was $1,401,454.00 of which $1,271,612.96 was earned in Oklahoma.

It can be concluded from the above facts that the defendant carries on a predominance of its corporate operations and activities in the state of Oklahoma, and that therefore the principal place of business of the defendant corporation is in the state of Oklahoma. Therefore, no federal diversity jurisdiction over this cause is present.

This being true, the second reason by which the defendant claims that this cause should not be remanded because the individual defendants are improperly joined, need not be considered.

In view of the above the Court remands this case to the District Court of Tulsa County, State of Oklahoma, and the Clerk is directed to take the necessary action to so remand the same.